IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRCT OF TEXAS


JUAN ANTONIO MENDOZA
    Petitioner

V.                                  Case No.7:22CR01921-001

UNITED STATES OF AMERICA
    Respondent


Motion For Sentence Reduction Pursuant To
18 U.S.C. §3582(c)(2) Based Upon Amendment 821
To U.S.S.G. §4C1.1 Chapter Four
( Zero Point Offenders )

Comes now the Petitioner JUAN ANTONIO MENDOZA who by and trhough pro-se respectfully MOVES this Honorable Court for a reduction of his sentence pursuant to 18 U.S.C.§3582(c)(2), based upon Amendment 821 submitted to Congress by the UNITED STATES SENTENCING COMMISSION revusubg Chapter Four of the Guidelines Manual, specifically, Part B, Subpart 1, that creates a new Chapter Four guideline at 4C1.1 ( Adjustment for "Zero-Point" offenders ) providing a decrease of two levels from the offense level determined under Chapter Four and Three for defendants who did not receive any criminal history points, and whose instant

offense did not involve specified aggravating factors.

The amendment invludes Part B, Subpart 1 in the listing in §1B1.10(d) as an amendment that may be available for retroactive application, subject to a special instruction stating as follows:

> The Court shall not order a reduced term of imprisonment based on Part A or B, Subpart 1 of Amendment 821 unless the effective date of the Court's order is February 01, 2024, or later.

## PROCEDURAL BACKGROUND

On November 6th. 2022, JUAN ANTONIO MENDOZA (herein and after the Petitioner ), was arrested in the Southern District of Texas.

After he was commited by the authorities, he was charge with the Offense Code 393 21:960,962 SCH II.

Offense Charge: 21:952(A), 960(A)(1),960(B)(1) & 18:2 IMPORTING 5 KILOGRAMS OR MORE, THAT IS APPROXIMATELY 8 KILOGRAMS OF A MIXTURE SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE.

Pursuant to a written agreement with the government, Petitioner plead guilty.

On January 16th. 2024, Petitioner was sentenced to serve 62 month with no probation or supervised release imposed.

Petitioner release date now stands April 1st. 2027, Via GTC, Petitioner is serving time in a low facility F.C.I. Oakdale-2, in Oakdale Louisiana.

## STANDAR

The Commission promulgated U.S.S.G. §1B1.10 ( Reduction in term of imprisonment as a result of amended guideline range ) ( policy statement ) to implement 28 U.S.C. §994(u) and to provide a guidance to a court when considering a motion under 18 U.S.C. §3582(c)(2). Subsection (a) of §1B1.10 specifies when a reduction Pursuant to 18 U.S.C. §3582(c)(2) is available:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided in 18 U.S.C. §3582(c)(2). As required by 18 U.S.C. §3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.[1]

Section 1B1.10 further explains that a reduction would not be consistent with the policy statement if none of the amendments listed in subsection (d) of Section 1B1.10 are applicble to the defendant or if a listed amendment " does not have the effect of lowering the defendant's applicable guideline range ". ( Please see U.S.S.G. §1B1.10(a)(2). Additionally, that section provides that proceedings under 18 U.S.C. §3582(c)(2) " do not constitute a full resentencing of the defendant " (See U.S.S.G. §1B1.10(a)(3)).

In addition to specifying which guideline amendments may be retroactively applied, consistent with 28 U.S.C. §994(u), section 1B1.10 guides courts as to the extent of a sentence reduction under

---

[1]/ see Dillon v. United States, 560 U.S. 817 (2000).

18 U.S.C. §3582(c)(2). Subsection (b)(1) of U.S.S.G. §1B1.10 states:

> In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. §3582(c)(2), the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in the subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected (See U.S.S.G. §1B1.10(b)(1)).

Section 1B1.10 further provides that as a general matter, the extent of the reduction granted should not go below the amended gudeline range determined in accordance with subsection (b)(1). However, an exception is noted where the sentence originally imposed " was less than the term of imprisonment provided by the guideline range... pursuant to a govermnent motion to reflect the defendant's substantial assistance to authorities " in which case " a reduction comparably less than the amended guideline range... may be appropiate. " Under no circunstances may a court reduce a term of imprisonment to less than the term already seved by a defendant ( See U.S.S.G. §1B1.10(b)(2)(C).). The Fed. R. Crim. P. provide that the defendant is not required to be present at a proceeding under 18 U.S.C. §3582(c)(2).

i. <u>Zero-Point Offenders.</u>

Part B, Subart 1 of the 2023 criminal history amendment creates a new Chapter Four guideline at §4C1.1 (Adjustment for Zero-Point Offenders), which provides a decrease of two levels from the offence level determined under Chapters Two and Three for offenders who did not receive any criminal history points under Chapter Four, part A and whose instant offense did not involve specified eligibility criteria.

New §4C1.1 defines "Zero-Point" offenders as those offenders with no criminal history points, includig (1) offenders with no prior convictions; (2) offenders who have prior convictions that are not counted because those convictions were not within the time limits set forth in subsection (d) and (e) of §4A1.2 (Definitions and instructions for computing criminal history); and (3) offenders who have prior convctions that are not used in computing the CHC for reasons other than their "staleness" (e.g., sentences resulting from foreign or tribal court convictions, minor misdemeanor convictions, or infractions). This definition reflects the long-standing and carefully crafted criminal history rules set forth in Chapter Four regarding which prior convictions count for criminal history purposes and which do not.

While determining that a reduction is appropiate for some offenders with zero criminal history points, the Commission also identified circumstances in which zero-point offenders are appropiately excluded from eligibility in light of the seriousness of the instant offense of conviction or the existence of aggravating

factors in the instant offense. In addition to having zero criminal history points, all of the following criteria must be met:

- The defendant did not receive and adjustment under §3A1.4;
- The defendant did not use violence or credible threats of violence in connection with the offense;
- The offense did not result in death or serious bodily injury;
- The instant offense of conviction is not a sex offense;
- The defendant did not personally cause substantial financial hardship;
- The defendant did not possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm or other dangerous weapon ( or induce another participant to do so ) in connection with the offense;
- The instant offense of conviction is not covered by §2H1.1;
- The defendant did not receive an adjustment under §3A1.1 or §3A1.5; and
- The defendant did not receive and adjustment under §3B1.1 and was not engaged in a continuing criminal enterprice, as defined in 21 U.S.C. §848.

## ARGUMENT

i. Application of Amendment 821 Part B, Subpart 1, To Petitioner's case.

On January 16th. 2024, Petitioner was sentenced to serve 62 months with no supervised release or provation.

Pursuant to an indictment that charge Petitioner with the Offence Code:393  21:952(A),960(A)(1),960(B)(1) and 18:2 IMPORTING 5 KILO-

GRAMS OR MORE , THAT IS APPROXIMATELY 8 KILOGRAMS OF A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE.

Based upon Amendment 821 submitted to the Congress by the United States Sentencing Commission (U.S.S.C.) , revising Chapter Four of the Guideline Manual, specifically Part(B), Subpart(1), that creates a new " Chapter Four Fuideline at 4A1.1, adjustment for [ZERO-POINT] offenders, providing a decrease of (Two-Levels) from the offence level under Chapter Four and Three for defendants who did receive any criminal history points.

And because the defendant meet all the criteria define by the Amendment 821.

That gives the Petitioner status of elegibility for a [two-Level] down ward rediction.

So base on this facts Petitioner, respectfully prays to this Honorable Court for a two level downward reduction of his sentence.

---

2/ In preparation for filing this petition, Petitioner requested the Case Manager in his institution to provide a copy of the Probation Office's PSI report as to his case, the response from the case Manager was that it was BOP Policy not to give inmates copies of the report, he could only offer some of the information contained in the report, with this limited information Petitioner files this motion.

- 7 -

ii. <u>Post Sentencing Conduct.</u>

Petitioner has maintained a good conduct throughout his incarceration, he is currently housed at Oakdale F.C.I.-2, a low facility located in Louisiana that was hard hit by the Covid-19 pandemic, and did not offer any type of vocational training or educational courses during the Covid-19 Lockdowns.

Petitioner has maintained a job in the institution, he currently participating in a GED program to earn his GED diploma, with the education department.

## CONCLUSION

For the reasons stated in this motion, Petitioner moves this Honorable District Court for the
for a reduction in sentence under 18 U.S.C. §3582(c)(2) based upon Amendment 821 of the United States Sentencing Guidelines, Part B, Subpart 1, this amendment provides a two-level downward adjustment for certain offenders like Petitioner with Zero-Criminal history points under the guidelines.

Petitioner asserts that Amendment 821 Part B, Subpart 1, as submitted to the Federal Registrer for publication on November 01, 2023, and made reroactively applicable for defendants sentenced before this date, firmly applies to his instant case and prays to this Honorable Court for a reduction of his sentence.

Respectfully submitted this day: 05 / 23 / 2024, by
    JUAN ANTONIO MENDOZA      ( pro-se litigant ).
Incarcerated at: Oakdale-2 F.C.I., in Oakdale, LA.

Signature: _/s/ Juan A. Mendoza_

## Certificate Of Service

I, JUAN ANTONIO MENDOZA, hereby swear under penalty of perjury and the laws of the United States of America, that a copy of the foregoing petition under 18 U.S.C. §3582(c)(2), was sent to the office of the United States Attorney, located at:

1701 West Business Highway 83, McAllen, TX. 78501

Petition was sent via the United States Postal Service located at Oakdake F.C.I. - 2, with enough pre-paid postage for its delivery.

Signature: *[signed] Juan A. Mendoza*

From: JUAN ANTONIO MENDOZA
Reg.No. 30460-510
F.C.I. Oakdale-2
P.O.   Box 5010
Oakdale, LA. 71463



To: UNITED STATES DISTRICT COURT FOR THE
    SOUTHERN DISTRICT OF TEXAS
    1701 West Business Highway 83
    McAllen, TX. 78501